## I. M. TAYLOR & CO., Inc., v. DEEP SEA FISHERIES, Inc., et al.

(Circuit Court of Appeals, First Circuit. April 17, 1924.)

No. 1677.

Corporations ☞575—Trustee for holders of voting trust certificates could not compel exchange of stock contrary to reorganization plan.

Where reorganization plan provided for exchange of stock of new corporation for voting trust certificates issued against stock in old corporation, and the court, with notice to holders of voting trust certificates, limited the time for such exchange, the trustee of the voting trust could not, after expiration of such period, compel exchange of stock of old corporation held by it, since such exchange, without the presentation of the voting trust certificates, would be in violation of the reorganization agreement, and since the court had discretion to deny petition, which would have extended the time limited.

Appeal from the District Court of the United States for the District of Maine; Clarence Hale, Judge.

Petition by I. M. Taylor & Co., Inc., against the Deep Sea Fisheries, Inc., and others, to require the exchange of shares of common stock of the East Coast Fisheries Company, held by petitioner as trustee, for voting trust certificates of the Deep Sea Fisheries, Inc., in accordance with a plan of reorganization of the East Coast Fisheries Company. Petition denied, and petitioner appeals. Affirmed.

Samuel A. Pleasants, of New York City (Marvin & Pleasants, of New York City, on the brief), for appellant.

Morris Douw Ferris, of New York City, and Eben Winthrop Freeman, of Portland, Me. (Hunt, Hill & Betts, of New York City, and Albert Stanton Woodman and Woodman, Whitehouse & Littlefield, all of Portland, Me., on the brief), for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the United States District Court for Maine of May 12, 1923, denying the petition of I. M. Taylor & Co., Inc., appellant, for an order requiring Deep Sea Fisheries, Inc., or the reorganization committee of the East Coast Fisheries Company, to cause the Lawyers' Title & Trust Company of New York to exchange 83,580 shares of the common stock of the East Coast Fisheries Company, held by Taylor & Co., Inc., as trustee, for voting trust certificates of the Deep Sea Fisheries, Inc., in accordance with a plan of reorganization of the East Coast Fisheries Company.

The facts out of which the controversy arises are substantially as follows:

The East Coast Fisheries Company, organized in 1917, agreed to issue 500,000 shares of its common stock, of the par value of $10 per share, to I. M. Taylor & Co., Inc., to be used in the sale of the preferred stock of the East Coast Fisheries Company as a bonus. Of the 500,000 shares of common stock, at least 404,011 shares were issued to

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Taylor & Company, Inc., in trust, and voting trust certificates representing the same were delivered to and held by purchasers. of the preferred stock.

The trust certificates recited that the holders thereof were entitled to receive a specified number of the shares of the common stock of the East Coast Fisheries Company on December 31, 1920. The trustee was to account for and pay to the holders the dividends received in the meantime and have the right to vote the stock. But on November 12, 1920, and before this exchange could be made, Taylor & Co., Inc., caused the East Coast Fisheries Company and the East Coast Fisheries Products Company to be put into the hands of receivers in an equity proceeding, and thereafter the receivers sold all the assets of the East Coast Fisheries Company at public auction to certain individuals described as a reorganization committee. On August 17, 1921, the sale to the reorganization committee was ratified and approved by the court. The bid of the reorganization committee included a proposal for the organization of a new corporation, to which the assets and property of the East Coast Fisheries Company and the East Coast Fisheries Products Company were to be transferred, among the terms of which it was provided:

"All of the authorized stock of the new company, except 200,000 shares shall be issued for the assets of the old companies, to voting trustees under the usual form of voting trust, satisfactory to you, for a period not exceeding five years, and voting trust certificates shall be issued as follows:

"a.  *  *  *

"b.  One share of stock of the new company for each share of preferred stock of the East Coast Fisheries Company or the East Coast Fisheries Products Company.

"c.  One share of stock of the new company for each twenty shares of the common stock of the East Coast Fisheries Company or the East Coast Fisheries Products Company. Voting trust certificates, representing stock in either of said companies, fully paid for in cash. shall be considered to be common stock duly issued to the extent of number of shares represented."

August 31, 1921, the Deep Sea Fisheries, Inc., was organized under the laws of the state of Maine, and was thereafter substituted as a party of record in the above equity proceeding for the persons named as a reorganization committee.

Arrangements were made with the Lawyers' Title & Trust Company of New York to act as transfer agent of Deep Sea Fisheries, Inc., for the exchange of the preferred stock of the East Coast Fisheries Company and East Coast Fisheries Products Company, and of the voting trust certificates issued by Taylor & Co., Inc., against the common stock of said companies as was held by it in trust, for voting trust certificates of the Deep Sea Fisheries, Inc., and, on December 8, 1921, the Lawyers' Title & Trust Company began making such exchanges, and continued to do so down to May 20, 1923.

The plan or agreement for reorganization did not fix the time when the making of such exchanges was to close, but on November 1, 1922, the Deep Sea Fisheries, Inc., petitioned the court to enter an order limiting the time for making them. An order for a hearing on the petition on November 20, 1922, was made, of which notice was duly given, and on November 20, 1922, after hearing the parties, an order

was entered providing that all holders of stock or voting trust certificates of the East Coast Fisheries Company and East Coast Fisheries Products Company could exchange their holdings for voting trust certificates of the Deep Sea Fisheries, Inc., in accordance with the plan of reorganization of East Coast Fisheries Company and East Coast Fisheries Products Company theretofore approved by the court, on or before the 20th day of May, 1923, and barring such holders from exchanging or seeking to exchange their holdings of stock or voting trust certificates after that day, and notice of this order was likewise duly given to parties in interest. At the same time (November 20, 1922), George C. Franciscus, attorney for Julian M. Hodgskin and others holding voting trust certificates issued against 11,547½ shares of the common stock of the East Coast Fisheries Company held in trust by Taylor & Co., Inc., which had not been exchanged or offered for exchange, appeared and objected to the order limiting the time for exchange, and, on November 20, 1922, obtained a further order providing, among other things, that any of said parties represented by him at that date might present to the court an application to have "the time limited in said decree extended for making said exchange, which time may be extended for good cause shown."

Prior to April 26, 1923, voting trust certificates representing 257,632 shares of the common stock of the East Coast Fisheries Company had been exchanged by the holders thereof for trust certificates of the Deep Sea Fisheries Company, Inc., and Taylor & Co., Inc., had presented to the Lawyers' Title & Trust Company common stock of the East Coast Fisheries Company representing about 83,500 shares (against which it had issued and there were outstanding voting trust certificates) for exchange, but the Lawyers' Title & Trust Company refused to exchange the same or any part thereof, as it did not present the voting trust certificates issued against the stock. On April 26, 1923, Taylor & Co., Inc., brought this petition against the Deep Sea Fisheries, Inc., asking that it be required to cause the Lawyers' Title & Trust Company to make an exchange of the stock pursuant to the terms of the plan of reorganization. At the hearing on this petition the parties thereto appeared, and George C. Franciscus, representing Hodgskin and others, appeared and objected to the granting of the petition, and on May 12, 1923, the court, after hearing the parties, entered an order denying the petition, which is the order appealed from.

On August 1, 1923, for the purpose of shortening the record, the parties agreed that the holders of trust certificates representing 304,363 shares of the common stock of the East Coast Fisheries Company had duly exchanged their certificates for voting trust certificates representing stock of the Deep Sea Fisheries, Inc., but that holders of trust certificates representing 36,849 shares of the common stock of the East Coast Fisheries Company had not presented their trust certificates for exchange. The 36,849 shares included the 11,547½ shares held by Hodgskin and others, which apparently they intentionally refrained from exchanging. The record does not give any intimation why the holders of the remaining 25,301½ trust certificates neglected to make the exchange.

It was further agreed "that said trust certificates issued by the petitioner [Taylor & Co., Inc.] were under the terms of the plan of reorganization exchangeable for voting trust certificates representing stock of the Deep Sea Fisheries, Inc.," and at the argument in the District Court it was stipulated that, if voting trust certificates of the Deep Sea Fisheries, Inc., should be issued to the petitioner, they should be issued in such manner as to indicate that they were held in trust for the benefit of the holders of the trust certificates theretofore issued by the petitioner, and that it had no beneficial interest therein.

It is evident that the petitioner is a trustee of the common stock held by it of the East Coast Fisheries Company and has no beneficial interest therein. It does not contend that it has. Its contention is that, being trustee, it is accountable to its beneficiaries for losses sustained, should it fail to effect an exchange of the common stock represented by the outstanding voting trust certificates.

The petitioner, as trustee of the common stock of the East Coast Fisheries Company, was not a party to the equity proceeding and the plan of reorganization. The parties, however, holding trust certificates issued against the stock in its hands as trustee, if not parties to the equity proceeding, were all notified of the confirmation of the sale, the terms of the agreement as to the exchange of trust certificates and the time within which exchanges were to be made if they desired to exchange. The reorganization plan did not contemplate an exchange of the common stock in the hands of the petitioner without presentation of the voting trust certificates issued against it, and the Lawyers' Title & Trust Company, as agents of the Deep Sea Fisheries, Inc., acted within its rights in declining to exchange trust certificates of the Deep Sea Fisheries, Inc., for such stock. The petitioner's beneficiaries cannot complain of its failure to exercise a power it did not possess, but which they possessed and failed to exercise.

Had the District Court granted the petitioner's request, it would have effected two things: (1) A violation of the terms of the reorganization agreement; and (2) have extended indefinitely the time within which the 36,849 trust certificates could be exchanged. The first thing it had no power to do, and the second was within its judicial discretion to deny.

The stock, referred to in the order of the court limiting the time in which the exchange could be made, was not the "common stock," against which voting trust certificates had been issued, but the "preferred stock," against which no voting trust certificates had been issued, and which was to be exchanged on the basis provided for in paragraph 3, subdivision "b" of the reorganization contract. The order of the court, taken in connection with the reorganization contract to which it referred, was not misleading, and no one claims to have been misled by it.

The order or decree of the District Court of May 12, 1923, is affirmed, with costs to the appellees.